IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MICHAEL J. DAL COROBBO,**
**K-69027,**

**Plaintiff,**

vs.

**INTERNAL REVENUE SERVICE,**

**Defendant.**                                                                 **No. 03-CV-855-DRH**

<u>**MEMORANDUM & ORDER**</u>

**Herndon, District Judge:**

### I.  Introduction

Before the Court is Defendant United States' motion to reconsider this Court's Order of February 23, 2005 (Doc. 11).  In that Order, the Court dismissed Plaintiff's **§ 7433** claim but retained Plaintiff's **§ 6511** claim (Doc. 8).  Specifically, Plaintiff's latter claim was retained because a Federal Claims Court decision that dismissed this same claim in a separate suit was not attached to Plaintiff's filed complaint (and thereby not before this Court), as United States had suggested in its original motion (Doc. 8, p. 4-5).  However, United States now asks this Court to reconsider its Order in light of the Federal Claims Court decision that United States has attached to its motion to reconsider (Doc. 11, Ex. 1, p. 16-17).  For the following reasons, the Court **GRANTS** Defendant's motion to reconsider and upon

1

reconsideration **GRANTS** the request to dismiss Plaintiff's **§ 6511** claim (Doc. 11).

## II.  Background

On August 19, 1997, Plaintiff began to serve time at Menard Correctional Center (Doc. 1, p. 3).  From the time he was incarcerated until August 1999, Plaintiff claims he "was taking medically prescribed psychotropic medication making him unable to manage his financial affairs" (Doc. 1, p. 3).  Beginning on October 12, 1999, Plaintiff sent letters to the IRS requesting information and forms to file his 1997 tax forms (Doc. 1, p. 3).  Plaintiff claims he sent eight similar letters between October 1999 and July 2001 until he finally received his requested forms in September 2001  (Doc. 1, p. 3-4).  Plaintiff claims that the IRS received his 1040 form on October 3, 2001, but then responded on December 28, 2001, that the form was filed too late (Doc. 1, p. 4).

In January 2002, Plaintiff claims he appealed the decision to the IRS' Chicago Appeals Office (Doc. 1, p. 4). Plaintiff then explains that on July 1, 2002, he filed a suit in the U.S. Court of Federal Claims that "was dismissed [in January 2003] as the Court lacked jurisdiction resulting of torts [and] [c]laims under § 7433 may only be brought in the District Court" (Doc. 1, p. 4).

Plaintiff then filed a second appeal with the IRS on January 21, 2003, to which the IRS responded on March 4, 2003, as follows:

> We've not resolved this matter because we haven't completed all processing necessary for a complete response; however we will contact you again within (45) days with our reply.

(Doc. 1, p. 4).  Plaintiff claims he sent additional letters in May, July, and August of 2003, but has still received no response from the IRS (Doc. 1, p. 5).

Plaintiff filed the complaint in this action on December 16, 2003, asserting two claims (Doc. 1).  First, Plaintiff requests he be allowed under **26 U.S.C. § 6511 (a)** and **(h)** to file his 1997 tax form and receive his $958.00 return for the 1997 tax year (Doc. 1, p. 3).  Second, Plaintiff requests compensation under **26 U.S.C. § 7433** for damages suffered as a result of torts committed by Defendant when he unsuccessfully attempted to complete the refund process (Doc. 1, p. 3).

On February 23, 2005, the Court dismissed Plaintiff's **§ 7433** claim but retained Plaintiff's **§ 6511** claim (Doc. 8).  The latter claim was retained because an earlier Federal Claims Court decision purportedly dismissing this same claim in a separate suit was not attached to Plaintiff's filed complaint (and thereby not before the Court), as United States had suggested in its original motion to dismiss (Doc. 8, p. 4-5).  While a copy of the Federal Claims Court decision is not attached to Plaintiff's complaint which was filed with this Court (Doc. 1), United States asserts that Plaintiff served a copy of this decision as part of his complaint (Doc. 11).  A copy of the Federal Claims Court decision is attached to United States' motion to reconsider (Doc. 11, Ex. 1, p. 16-17).

In ***Dal Corobbo v. United States*, No. 02-758T (Fed. Cl. Feb. 5, 2003)(Hodges, J.)**, the Federal Claims Court dismissed with prejudice a **§ 6511 (a)** claim brought by Plaintiff because he failed to bring his claim within the 3 year time period allowed under that statute (Doc. 11, Ex. 1, p. 16-17).  Plaintiff's **§ 6511**

claims in both this court and in the Federal Claims Court concern his 1997 tax return (Doc. 1; Doc. 11, Ex. 1, p. 16-17).  The only difference between Plaintiff's **§ 6511** claim in the Federal Claims Court suit and in this suit is that the complaint in this suit makes an additional reference to **§ 6511(h)**, a provision of **§ 6511** that stays the running of time during periods of disability.

### III.  Analysis

**FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)** allows a party to move for dismissal based on "failure to state a claim upon which relief can be granted."  In ruling on a motion to dismiss, the court "must accept well pled allegations of the complaint as true.  In addition, the court must view these allegations in the light most favorable to the plaintiff."  *Gomez v. Illinois State Bd. of Educ.*, **811 F.2d 1030, 1039 (7th Cir. 1987)**.  Although a complaint is generally not required to contain a detailed outline of the claim's basis, it nevertheless "must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."  *Car Carriers, Inc. v. Ford Motor, Co.*, **745 F.2d 1101, 1106 (7th Cir. 1984)**.

The legal doctrine of collateral estoppel "ensures that 'once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation."  *Chicago Truck Drivers v. Century Motor Freight, Inc.*, **125 F.3d 526, 530 (7th Cir. 1997)(quoting *Montana v. United*

4

***States*, 440 U.S. 147, 153 (1979))**. Collateral estoppel applies to suits where "(1) the issue sought to be precluded is the same as that involved in the prior action; (2) that issue was actually litigated; (3) the determination of the issue was essential to the final judgment; and (4) the party against whom estoppel is invoked was fully represented in the prior action." ***Id.* (citing *La Preferida, Inc. v. Cerveceria Modelo, S.A. de C.V.*, 914 F.2d 900, 906 (7th Cir. 1990))**.

Here, the Parties only dispute the first element, i.e., whether the same issue is involved in both this suit and the earlier Federal Claims Court suit. United States asserts that Plaintiff's **§ 6511** claim in this suit regarding his 1997 tax return is the same as that addressed in ***Dal Corobbo v. United States*, No. 02-758T (Fed. Cl. Feb. 5, 2003)(Hodges, J.)** (Docs. 4, 11). Plaintiff contends that the issue in this case is different because he failed in the Federal Claims Court suit to raise the question of whether **§ 6511(h)**'s disability provision stayed the time period for filing his **§ 6511** claim (Doc. 15).

The Court determines that collateral estoppel bars Plaintiff from reasserting his **§ 6511** claim raised in this suit. Plaintiff's **§ 6511** claim in this suit that regards his 1997 tax return is clearly the same as his **§ 6511** claim in the Federal Claims Court suit that also regarded his 1997 tax return. Both claims involve the same statute (**§ 6511**) and the same facts (Plaintiff's 1997 tax return). The only difference is that in this suit Plaintiff raises the additional argument that **§ 6511(h)** stayed the running of time during his period of disability. Of course, Plaintiff's point regarding **§ 6511(h)** constitutes only a new *argument*, not a new

5

*issue*, that regards the same time issue already addressed in the Federal Claims Court suit and decision.  For Plaintiff's **§ 6511(h)** time argument to have been properly addressed, he would have had to raise it when the Federal Claims Court addressed whether he had brought his **§ 6511** claim in a timely fashion.  If courts allowed plaintiffs to refile suits simply because a new argument later occurred to them (just as Plaintiff has tried here), then litigation would almost never resolve.

### IV.  Conclusion

The Court **GRANTS** Defendant's motion to reconsider and on reconsideration **GRANTS** the request to dismiss Plaintiff's **§ 6511** claim (Doc. 11). The Court **DISMISSES with prejudice** Plaintiff's **§ 6511** claim in this suit regarding his 1997 tax return because the Federal Claims Court has already addressed this exact issue in ***Dal Corobbo v. United States***, **No. 02-758T (Fed. Cl. Feb. 5, 2003)(Hodges, J.)**, when it dismissed with prejudice Plaintiff's **§ 6511** claim regarding his 1997 tax return for being untimely filed.

**IT IS SO ORDERED.**

Signed this 3rd day of May, 2005.

/s/    David RHerndon
**United States District Judge**

6